### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### LOUISVILLE DIVISION

**CIVIL ACTION NO. 04-MC-18-C**

**UNITED STATES OF AMERICA,**                                                      **PETITIONER,**

**V.**                              **OPINION AND ORDER**

**PATRICK J. ROXWORTHY,**                                            **RESPONDENT.**

\* \* \* \* \* \* \* \* \* \*

This action is before the court upon the motion to stay (DE 51) filed by Patrick Roxworthy.

The court granted the government's petition to enforce an IRS summons and denied the respondent's motion to quash the summons on April 7, 2005 (DE 50). The respondent has appealed the court's decision and has asked to stay enforcement of the summons pending the decision of the Sixth Circuit Court of Appeals.

In determining whether to grant a stay of enforcement of the summons, the court considers the criteria for granting injunctive relief: (1) likelihood that the movant will prevail; (2) irreparable harm that the movant may suffer; (3) harms that the opposing party may suffer; and (4) the interest of the public. *Boyd v. United States*, No. 01-472-JMH, 200 WL 31986872, at \*1 (E.D. Ky. Dec. 24, 2002). Roxworthy argues that if it complies with the summons, then its appeal will be rendered moot.

First, the court cannot find that the respondent has a high likelihood of

success on the merits of its appeal.  Both the district court and the Magistrate Judge have examined the documents at issue and determined that they are not work product and so are not protected from disclosure.  The respondent has not presented any arguments that show a likelihood of success on the merits.  While, in some cases, a low likelihood of success on the merits can be overlooked where there is a strong showing of irreparable harm to the movant absent injunctive relief, no such showing has been made here.  *See Boyd, supra*; *United States v. Ritchie*, No. CIV-3-92-610, 1992 U.S. Dist. LEXIS 16416 (E.D. Tenn. Oct. 7, 1992).

      The respondent's mootness argument is unavailing in light of the United States Supreme Court's holding that compliance with an IRS summons does not render an appeal moot "because if the summons were improperly issued or enforced a court could order that the IRS' copies of the [documents] be either returned or destroyed."  *Church of Scientology of California v. United States*, 506 U.S. 9, 15 (1992).  Like the present case in which Mr. Roxworthy asserts that the documents the government seeks are subject to the work product privilege, *Church of Scientology* involved the Church's assertion of the attorney-client privilege as to tape-recorded conversations sought by the IRS.

      The respondent argues that *Ritchie* and *United States v. Jones*, 84 A.F.T.R. 2d (RIA) 6830 (D.S.C. 1999), support his argument that his appeal will be rendered moot if the IRS summons is executed.  However, *Ritchie* was decided prior to *Church of Scientology,* and *Jones* involved a case where the district court

determined that the documents sought by the government were privileged. Therefore, those cases do not alter the court's opinion.

Any further delay in compliance with the IRS summons is inappropriate in light of the particular facts of this case and the holding in *Church of Scientology*. Should the respondent prevail, the Court of Appeals can order the return or destruction of the subject documents.  Such relief restores the taxpayer's privacy interest in its papers and effects and is of "sufficient importance to merit constitutional protection." *Church of Scientology, supra*, at 13.  The respondent may be able to obtain additional relief – an order prohibiting the government from using the information contained in the documents in the future – a possibility left open in *Church of Scientology.*  506 U.S. at 13 at n. 6.  Accordingly,

**IT IS ORDERED** that the respondent's motion to stay enforcement of the summons (51) is **DENIED**.

Signed on  May 19, 2005

*Jennifer B. Coffman*
**Jennifer B. Coffman, Judge**
**United States District Court**

3